**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.  15-61067-CIV-ALTONAGA**

**SCS PROCESSING, LLC**,

      Plaintiff,

vs.

**ZALA GROUP, LLC**,

      Defendant.

_____/

**ORDER**

**THIS CAUSE** came before the Court upon non-party, Zala Group Limited's ("Zala Limited['s]") Amended Petition for Removal ("Amended Petition") [ECF No. 7], filed on May 20, 2015.  Earlier on May 20, 2015, Defendant, Zala Group, LLC ("Zala LLC") filed a Petition for Removal [ECF No. 1], removing to this Court case number CACEl5004935 in the State of Florida Circuit Court of the Seventeenth Judicial Circuit in and for Broward County.  (*See id.* 1).

According to the Complaint ("Complaint") [ECF No. 1-2], the underlying state court action is between Plaintiff, SCS Processing, LLC, and "Zala Group, LLC d/b/a Zala Group Limited . . . ." (*Id.* 1).  The dispute arises from allegedly withheld funds obtained pursuant to a contract to provide payment processing services.  (*See generally id.*).  Zala Limited's purported removal of this case to federal court is improper for two reasons.  First, Zala Limited does not appear to be a defendant in the underlying state court action and thus is unable to remove the case to federal court.  *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant* or the *defendants*, to the district court of the United States . . . ." (alterations and emphasis added)).

CASE NO.  15-61067-CIV-ALTONAGA

In addition, the Court is unable to discern a basis for the Court's subject matter jurisdiction over the underlying state court case.  *See Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) ("In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." (citation omitted)).  Once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.  *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Although the Amended Petition states Zala Limited was "improperly pled as Zala Group, LLC d/b/a Zala Group Limited," Zala Limited is not in fact a defendant in this case.  (Am. Pet. 1 (internal quotation marks omitted)).  Plaintiff brought the state court action against Zala LLC.  (*See* Compl. 1).  Yet according to the Amended Petition, "Zala Group Limited . . . hereby removes this action" (Am. Pet. 1 (alteration added)), and requests removal on behalf of "Defendant Zala Group Limited."  (*Id.* 4).  Even if Zala LLC is in fact doing business as Zala Limited, such a relationship does not *ipso facto* make Zala Limited a codefendant in this case, and it certainly does not replace Zala LLC as a named defendant.

If Zala Limited is added as a defendant in the state action, it may then seek removal to this court.  What Zala Limited has done, however, is not permitted by any rule the Court is aware of.

Accordingly, it is

**ORDERED AND ADJUDGED** that Zala Group Limited has until **June 1, 2015**, to either: (1) file a notice indicating on what statutory authority an entity that is not a defendant in a state court case can seek to remove that case to federal court, or (2) having gone through the

2

CASE NO.  15-61067-CIV-ALTONAGA

proper state court procedure and appearing as a defendant, file a notice of removal of the state court complaint asserting a right to remove the state court action, as well as explaining the basis or bases for the Court's subject matter jurisdiction.  The failure to do either will result in entry of an order directing the Clerk to remand this case to state court without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of May, 2015.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

3